LESTER A. NEWCOMB & others *vs.* NORFOLK WESTERN
STREET RAILWAY COMPANY.

Norfolk. May 23, 1901. — September 3, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Street Railway,* Restrictions imposed in grant of location.

A requirement, in a location granted under Pub. Sts. c. 113, § 7, by the selectmen of a town to a street railway company, that the company shall water the street over which it is granted a location from curb to curb between April 15 and November 15 in each year, is a lawful restriction, and will be specifically enforced in equity by this court under Pub. Sts. c. 113, § 63.

Restrictions imposed by the aldermen of cities and the selectmen of towns in granting locations to street railway companies under Pub. Sts. c. 113, § 7, are not affected by St. 1898, c. 578, relating to street railways, it being expressly provided by § 11 of that act that the companies shall remain subject to such restrictions.

PETITION by the selectmen of Dedham under Pub. Sts. c. 113, § 63, for an order compelling the Norfolk Western Street Railway Company to water High Street in that town in accordance with a restriction contained in a grant of location to the respondent, filed May 24, 1900.

The respondent demurred to the petition and the case was heard by *Lathrop,* J., who was of the opinion that the demurrer should be overruled; and at the request of the respondent reported the case for the consideration of the full court. The respondent admitted at the hearing, that if the demurrer was overruled there was no defence to the petition on the merits, and the justice therefore reported, that, if the demurrer was overruled, an injunction was to issue in accordance with the prayer of the petition, with costs. If the demurrer was sustained, the petition was to be dismissed, with costs.

By the report it appeared, that the order of location granted by the petitioners to the respondent to lay its tracks in High Street in Dedham was granted on September 19, 1898.

Section 23 of the grant of location was as follows: "Said Company shall water said High Street from curb to curb between the fifteenth day of April and the fifteenth day of November in each year from Memorial Square to the point South of

Lowder and High Streets, where paving ceases as herein prescribed: such watering shall be done to the satisfaction of the Superintendent of Streets."

The case was submitted on briefs at the sitting of the court in January, 1901, and afterwards was submitted on briefs to all the justices.

*C. A. Reed,* for the petitioners.

*J. J. Feely & T. E. Grover,* for the respondent.

HOLMES, C. J. The requirement in § 23 of the grant of the location to the respondent that it shall water the street over a portion of the way between certain dates was a lawful restriction within Pub. Sts. c. 113, § 7, which allowed selectmen to grant a location "under such restrictions as they deem the interests of the public may require." The well-known effect of running cars is to raise a dust, and the requirement, although affirmative in form, in substance restricts the respondent to running cars in such a way as not to raise a dust. The case is not affected by St. 1898, c. 578. See § 11.

This being so, the restriction is a regulation which this court is given power to enforce by Pub. Sts. c. 113, § 63.

It is true that in St. 1866, c. 294, § 1, from which § 63 is taken, the power was given "according to the usual course of chancery proceedings," and that it might be argued that this restriction should not be enforced because it is not the usual course of chancery proceedings to compel the specific performance of continuous acts or duties for an indefinite time. *Powell Duffryn Steam Coal Co.* v. *Taff Vale Railway,* L. R. 9 Ch. 331. Fry, Sp. Perf. (3d ed.) 41, 45. *Texas & Pacific Railway* v. *Marshall,* 136 U. S. 393, 407. But the court is of opinion that, in view of the obvious purpose of the statute that such regulations should be enforced specifically, it ought to go further than ordinary practice might lead it to go in the absence of legislation, and to do all that it can to see that the requirement is performed. Some confirmation of this view is derived from § 27, as that section shows that regulations concerning the removal of snow and ice were before the mind of the Legislature when it enacted § 63.

Practically there will be no difficulty in the specific enforcement of the street-watering. The issue raised is not on the man-

ner of performance but on the question whether the respondent is bound to water at all. When it is decided that the respondent is bound, probably there will be no further trouble, especially as the location provides a domestic tribunal by requiring the work to be done to the satisfaction of the superintendent of streets.

*Demurrer overruled ; injunction to issue.*