WEST SPRINGFIELD AND AGAWAM STREET RAILWAY COMPANY *vs.* HENRY E. BODURTHA & others.

Hampden. September 25, 1901. — June 18, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Street Railway*, Condition in location. *Contract*, Implied.

If a town grants to a street railway company a location, to reach which it is necessary to construct a railway in an adjoining town, and the last named town refuses a location, this does not relieve the railway company from the performance of a condition in the location granted by the first named town, that the

company shall build ten miles of road within one year, if under the location more than ten miles of road can be built in that town alone, and, for the same reason, it is immaterial, that a railway company, in another State adjoining the town, under substantially the same management had expended a large sum of money in grading, preparatory to constructing a road to meet the proposed railway at the State line.

A street railway company asked a town for a location, and presented a draft of a location containing a condition that the railway company should deposit the sum of $2,000, which should be paid to the treasurer of the town if ten miles of road were not built within one year. The location was granted on the terms asked, and the railway company made the deposit. The road was never built, and the railway company brought a bill in equity to restrain the payment of the $2,000 to the town treasurer. *Held*, that the payment being voluntary the court would not assist the plaintiff in recovering it, whether the condition proposed by the plaintiff and accepted by the town was against public policy or not.

BILL IN EQUITY, filed January 3, 1900, by the West Springfield and Agawam Street Railway Company against the selectmen of the town of Agawam, to restrain them from paying to the treasurer of that town $2,000 deposited by the plaintiff under a condition in the location granted by the town to the plaintiff that the plaintiff should construct ten miles of road within a year.

At the hearing in the Superior Court, it appeared, that the defendants as selectmen of the town of Agawam, on October 28, 1898, granted a location to the plaintiff containing among other conditions the following:

" As a condition of the granting of this location the said petitioners, Directors of the Association for the formation of the West Springfield and Agawam Street Railway Company, shall upon the granting of this location, pay to Henry E. Bodurtha, R. Mather Taylor and John H. Reed the sum of Two Thousand Dollars ($2,000) to be held by them and the survivors of them, but nevertheless in trust for the following purpose, to wit: To safely invest said sum for the term of one year from the date of payment to them, and at the end of said term, if ten (10) miles of road as set forth in this location shall be in operation by said West Springfield and Agawam Street Railway Company, its successors and assigns, to pay said sum of Two Thousand Dollars ($2,000) and the accumulations to the Treasurer of said Railway Company, its successors, or assigns operating the said road. If, however, ten (10) miles of said road as set forth in

this location shall not be in operation by said Street Railway Company or its successors or assigns, in that event said trustees shall pay said Two Thousand Dollars ($2,000) and the accumulations to the Treasurer of the Town of Agawam, to be appropriated to such use as the said town by vote shall determine."

The attorney acting in behalf of the plaintiff presented a draft of the location asked for, containing the above condition. The special master who reported on the case, found that the selectmen had nothing to do with the drafting of the text of the order of location.

There was also pending before the selectmen a petition of the Springfield and Agawam Street Railway Company, known as " Dunham's petition ", which asked for a location over about the same route set forth in the plaintiff's petition. A public hearing was held on both petitions, on the same day, and before any decision had been given by the selectmen, or action taken, an agreement between the parties interested in the plaintiff and the parties interested in the other company was made, whereby it was arranged that Dunham's petition for location should be dismissed, and that the plaintiff's petition for location should be granted, Dunham having acquired a controlling interest in the plaintiff company. The location was then granted to the plaintiff.

On December 7, 1898, the plaintiff deposited in the Pynchon National Bank of Springfield, Mass., $2,000 to the credit of " H. E. Bodurtha, J. H. Reed and R. M. Taylor, trustees, under terms of condition in location of West Springfield and Agawam Street Railway Co.", as called for in the order of location granted.

In February, 1899, the plaintiff asked for an amendment of the order of location. It was granted by the selectmen on February 27, 1899, and accepted by the plaintiff on March 6, 1899, and the deposit of $2,000 was made subject to all the terms and conditions of the original and amended location.

The master found, that the plaintiff never built its road; and that on or about November 15, 1898, an application by the plaintiff for a street railway location in West Springfield was denied. The plaintiff's projected railway, according to the description set forth in its articles of association, extended from a

point in the town of West Springfield, at the westerly end of the Old Toll Bridge across the Connecticut River, through a portion of West Springfield to the town of Agawam, and thence through Agawam to the State line of Connecticut, and also westward to Feeding Hills in Agawam. At the time the location was granted by the town of Agawam it was expected that a location also would be granted by the town of West Springfield to enable the plaintiff to carry its passengers to the city of Springfield.

The plaintiff offered evidence, to prove that the parties having a controlling interest in the Dunham petition had expended a large amount of money in grading, preparatory to constructing a street railway from Windsor Locks in Connecticut to the State line, at a point which was a terminus named in the two petitions for location in Agawam, and that these parties had a contolling interest in the road in Connecticut. The evidence, on objection of the defendants, was excluded, and the plaintiff excepted.

The Superior Court made a decree for the plaintiff enjoining the defendants, Henry E. Bodurtha, R. Mather Taylor and John H. Reed, from turning over to the treasurer of the town of Agawam the funds deposited in the Pynchon National Bank to the credit of the defendants as trustees, under the terms of the order of location to the plaintiff, dated October 28, 1898, and ordering them to execute to the Pynchon National Bank, or to the party holding the funds, their release of any claim thereto under the terms of the location recited in the bill. The defendants appealed.

The case was submitted on briefs at the sitting of the court in September, 1901, and afterwards was submitted on briefs to all the justices.

*C. C. Spellman & C. F. Spellman*, for the defendants.

*H. C. Bliss*, for the plaintiff.

BARKER, J. Under the location more than ten miles of railway could be built in Agawam alone. Therefore there is no ground for implying a condition that the plaintiff should be authorized to build outside of that town, and for the same reason the evidence excluded by the master was immaterial.

It is plain from the facts found by the master that the obligation to pay over the $2,000 was not one imposed by the select-

men at their own instance, and that such a payment was first suggested and offered by the plaintiff itself in asking for a location, and that the condition as incorporated in the grant of location was one drafted by their own attorney and was more than once accepted by the plaintiff. Under such circumstances the payment was not involuntary or constrained. See *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 181, 188.

The plaintiff is in this position — If the condition was a proper one there is no reason why the plaintiff should have the money back. If it was against public policy the plaintiff can no more have the help of the courts to recover the money than to recover a bribe. It did not act under any necessity, but of its own voluntary choice, and in declining to aid in the recovery of money voluntarily paid against public policy the courts leave the plaintiff where it has seen fit to place itself.

*Decree reversed and bill dismissed with costs.*