ALBERT KEEFE *vs.* LEXINGTON AND BOSTON STREET
RAILWAY COMPANY.

Middlesex. January 18, 1904. — February 26, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

· *Street Railway. Contract,* What constitutes.

Under St. 1898, c. 578, § 13, the board of aldermen of a city or the selectmen of a
town, in granting a location to a street railway company, cannot impose a con-
dition regulating and restricting the fares to be charged.

A street railway company by accepting a location granted by the board of aldermen
of a city or the selectmen of a town, does not make a contract with the granting
board or the municipality to fulfil a condition of location illegally imposed.

CONTRACT, against a street railway company, for a fare alleged
to have been collected from the plaintiff illegally. Writ in the
District Court of Central Middlesex dated October 9, 1902.

On appeal to the Superior Court *Gaskill,* J. found for the de-
fendant *pro forma.* Judgment was entered for the defendant;
and the plaintiff appealed.

*A. E. Willson,* for the plaintiff.

*W. H. Coolidge & C. A. Hight,* for the defendant.

KNOWLTON, C. J. The plaintiff seeks to recover five cents
paid under protest for his fare, demanded by the conductor on
one of the defendant's cars. The defendant corporation was or-
ganized under the laws of this Commonwealth, after the St. 1898,
c. 578, went into effect. The selectmen of the town of Concord
and the selectmen of the town of Bedford, in granting the defend-
ant a location in their respective towns, prescribed conditions as
to the fares that might be charged for the transportation of pas-
sengers within the limits of the town. The plaintiff contends
that the fare charged and collected in his case was in violation
of these conditions. The first and most important question be-
fore us is whether such a condition could be imposed legally by
a board of selectmen in granting a location.

Under the St. 1898, c. 578, § 13, the board of aldermen of a
city or the selectmen of a town, in granting a location to a street
railway company, may prescribe the manner in which the "tracks

shall be laid, and the kind of rails, poles, wires and other appliances which shall be used, and they may also impose such other terms, conditions and obligations in addition to those applying to all street railways under the general provisions of law, as the public interest may in their judgment require." The question is whether a condition may be imposed regulating and restricting the fares to be charged. The statute contains other provisions in regard to fares. By the Pub. Sts. c. 113, § 43, which was in force when the defendant corporation was organized (R. L. c. 112, § 69) the directors of a street railway company "may establish the rates of fare on all passengers and property conveyed or transported in its cars, subject, however, to the limitations named in its charter, or hereinafter set forth." Section 44 provided for a revision and regulation of the fares by the railroad commissioners, and § 45 provided that nothing contained in the two preceding sections should authorize the company or the board to raise the rate of fare above the rate established by agreement, made as a condition of location or otherwise, between the company or its directors and the mayor and aldermen of a city or the selectmen of a town, except by a mutual arrangement with the parties. This section recognizes the validity of such agreements under the former statute. But this and the next preceding section were repealed by the St. 1898, c. 578, § 26, leaving the section as to the authority of the directors to stand with no limitations upon their right. A new section in regard to the revision of the fares by the railroad commissioners was enacted, which is St. 1898, c. 578, § 23. Under this last section, the " fares shall not, without the consent of the company, be reduced below the average rate of fare charged for similar service by other street railway companies which, in the judgment of the board of railroad commissioners, are operated under substantially similar conditions." This statute gives to the directors primarily the right to fix and regulate fares. It then makes their action subject to revision by the railroad commissioners, who are to act, according to the terms of the section, upon broad considerations of public policy. The conditions which may be imposed in granting a location are of a different character, and do not include those for which special provision is made in other parts of the statute. See *Newcomb* v. *Norfolk Western Street Railway*, 179 Mass. 449. With street

railways extending long distances and passing through numerous cities and towns, it would be unwise and inexpedient to permit each town to fix the fares within its boundaries, as a condition of granting a location. The purpose of the Legislature to prescribe broad and general provisions for the regulation of fares is further emphasized by the St. 1901, c. 180, (R. L. c. 112, § 73,) which puts street railways upon precisely the same ground as railroads, as to provisions relative to changes and regulations of their fares.

The acceptance by the defendant of the locations granted by these towns did not make valid these conditions as to fares which the towns could not legally impose, nor did it make a contract as to fares between the corporation and the selectmen, or the town. The defendant might, therefore, at least prescribe for its passengers the payment of any fare which was reasonable. It is not contended that the fare collected of the plaintiff was more than was reasonable, or more than the company was accustomed to collect from other passengers who were travelling as he was. Indeed, it is contended by the defendant that it has complied with the terms prescribed by these towns, according to a proper understanding of them, certainly according to its own understanding of them, and that the charge complained of by the plaintiff was for a through passenger, to whom these conditions were not intended to apply.

We need not consider this contention particularly, as we deem it unimportant. The plaintiff, in his brief, does not contend that he is entitled to recover, except upon the ground that the conditions imposed as to fares were binding upon the defendant.

*Judgment affirmed.*