JOHN WELCH & others *vs.* MILLARD F. EMERSON & others.

Essex.    March 18, 1910. — May 19, 1910.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Municipal Corporations*, Officers and agents.

Where the same three individuals hold the offices of selectmen, overseers of the
poor, assessors and members of the board of health of a town, and the town at
its annual meeting votes "That the salaries of the selectmen, overseers of the
poor, assessors, and board of health, be $1,200 per annum, or $400 for each
individual," such vote plainly means that such salary shall be in full payment
for all services which the individual officers may render in their various official
capacities, and therefore the town treasurer is not authorized to pay to the in-
dividuals $400 each for services as town officers and also the $2.50 for each
day's service as assessor provided by St. 1907, c. 579.

BILL IN EQUITY, filed by more than ten taxable inhabitants of
the town of Methuen on September 1, 1908, under R. L. c. 25,
§ 100, seeking to enjoin the payment of sums of money alleged
to be in excess of lawful salaries to the defendants who held the
offices of assessors, selectmen, overseers of the poor and mem-
bers of the board of health of the town, and to compel the repay-
ment to the town of sums already so paid.

The case was heard by *Fessenden*, J., upon the bill, answer
and an agreed statement of facts and was reserved for determi-
nation by this court.    The facts are stated in the opinion.

The case was submitted on briefs.

*A. G. Peirce & H. L. Wadsworth*, for the plaintiffs.

*J. P. Sweeney & L. S. Cox*, for the defendants.

BRALEY, J.    The town of Methuen at the annual meeting
held on March 2, 1908, having voted, " That the salaries of the
selectmen, overseers of the poor, assessors, and board of health,
be $1,200 per annum, or $400 for each individual," this bill in
equity is brought under R. L. c. 25, § 100, by ten and more of
the inhabitants and taxpayers, to enjoin payment from the treas-
ury of any charges for services by the defendants who held these
offices, in excess of this amount, and to recover back for the use
of the town the sums previously paid to each of them in alleged
violation of the vote.    By the R. L. c. 25, § 95, as town officers
are to receive such compensation as the town may determine,

the defendants when acting as selectmen in the management of the town's prudential affairs were bound by the statute, and could not lawfully authorize the treasurer by their warrant or order under § 72 of this chapter to pay for their services as selectmen, overseers of the poor, and members of the board of health a larger salary than the town voted. If the remuneration attached to these offices was considered inadequate, the incumbents were not obliged to serve and could have resigned, yet having been chosen assessors under the tenure prescribed by the St. of 1907, c. 579, they acted in the exercise of the functions of this office as public officers, whose powers and duties are defined and controlled wholly by statute. *Walcott* v. *Swampscott,* 1 Allen, 101. *Alger* v. *Easton,* 119 Mass. 77. As was said by Endicott, J., in *Walker* v. *Cook,* 129 Mass. 577, 578, " They are not, in any sense, the agents or servants of the town, and the town, by the election of assessors, enters into no contract with them for the payment of their services." But if this distinction is recognized by R. L. c. 12, § 99, which provides, that " each assessor shall be paid by his . . . town two dollars and fifty cents a day for every whole day in which he is employed in that service," this section also authorizes " such additional compensation as the . . . town shall allow." It being within the power of the town to increase the statutory compensation, the assessors, where such action has been taken, are entitled to the salary named even if their services, as computed under the statute, would fall short of the sum voted. If, however, the value of their services exceeds the limit fixed by the town, they must, if they so elect, be paid this amount notwithstanding the vote, but they cannot have both, unless it appears that such was the intention of the town. *Moody* v. *Newburyport,* 3 Met. 431, 433. The defendants rest their claim to both upon the ground that the salary voted by the town was intended to be in addition to the compensation provided by the statute. We are of opinion that this position is untenable.

It very plainly was the purpose of the voters that the salary should be in full payment for all services which the defendants might render in their various official capacities. The language of the vote is explicit. Not only is the gross amount stated without making reference to the statute, or the use of any ex-

pression which by implication shows that the voters had it in mind, but to remove all doubt the proportion to be paid to each one is specified. It is conceded by the defendants, that if their pay for work done as assessors is based upon the statutory compensation, the services of each did not exceed the appropriation, although individually each has been paid more than the amount voted. But as the selectmen and the town treasurer, who also is joined as a defendant, had no authority to expend the money of the town except as prescribed by the vote, the overpayments were illegal.

In accordance with the prayer of the plaintiffs the selectmen and treasurer are to be enjoined from making similar expenditures, while the vote remains in force, and the increased amount which each of the assessors received after his salary had been established must be returned, with interest, to the town treasury. *Frost* v. *Belmont*, 6 Allen, 152, 163. The terms of the decree, and the sums recoverable, are to be determined by the Superior Court.

*Ordered accordingly.*