WILLIAM H. GILE & others *vs.* GEORGE H. PERKINS & others.

Essex.    November 3, 1910. — January 2, 1911.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Municipal Corporations.    Assessors.    Tax,* Assessment.

A town has no authority to expend money to pay its assessors for work done, after they have completed the assessment in a certain year, in preparing a new valuation of the taxable property of the town with a view to its publication and its subsequent use by the assessors in making the assessment in the following year.

Whether in a year in which the assessors of a town are obliged to do an unusual amount of work in making the valuations required and contemplated by the statutes, it would be reasonable for the town under R. L. c. 12, § 99, to add to the compensation which the statute gives them for their services, here was referred to as a question which did not arise in the present case.

BILL IN EQUITY, filed in the Superior Court on October 3, 1910, under R. L. c. 25, § 100, by ten taxable inhabitants of the town of North Andover, to enjoin the assessors of that town from making a second valuation in the year 1910 of the real property in the town and to restrain the town treasurer from paying any money for expenses incurred in making such second valuation.

The case came on to be heard before *Richardson,* J., who by agreement of the parties reserved and reported the evidence and all questions of law thereon for determination by this court.

*N. P. Frye,* for the plaintiffs.

*J. P. S. Mahoney,* for the defendants.

KNOWLTON, C. J.    It appears from this record that the assessors of the town of North Andover made a valuation of all the taxable property of the town as of April 1, 1910, and assessed the taxes in accordance therewith and committed their warrant for the collection thereof to the tax collector.    It is fairly to be inferred that on or about the first day of October of that year they deposited with the tax commissioner a copy of their valuation books as required by the St. 1909, c. 490, Part I. § 60, and a copy of the table of aggregates from the lists of valuation and assessments, as required by § 59 of that chapter.    They seem to

have performed all their regular official duties for the year 1910. It also appears that after completing this assessment they set to work to prepare a new valuation of the taxable property of the town, with a view to its publication. It is not suggested that any use was expected to be made, or could be made, of this intended valuation in the assessment of taxes for the current year, for that assessment had already been completed. Such a valuation cannot be made the basis of taxation for the next year, or for any time thereafter; for under the statute a new valuation must be made by the assessors as of April first in each year. The proposed valuation cannot be returned to the tax commissioner under the statute, for it is not a valuation upon which the annual assessment is made or can be made. The reason for attempting to make it seems to have been that, because of the labor and the practical difficulties involved, the last valuation and former valuations were incorrect and incomplete, and the valuation upon which the next assessment is to be made ought to be different. So it was thought to be convenient to do work and publish results that might be used by the assessors in the next year, to save a part of the labor that otherwise would be involved at that time in making a correct valuation as of April 1, 1911.

At a meeting of the inhabitants of the town held in March, 1910, an appropriation of $750 was made for the assessors' department, which is conceded by the parties to cover the compensation of the assessors for the performance of their regular official duties in making the usual valuation and assessing the taxes. An appropriation of $1,500 was also made for " taking the valuation." In view of the action of the assessors and of the town in making and publishing a similar valuation in the years 1860, 1870, 1880, 1890 and 1900, it may fairly be assumed that this appropriation was intended to cover the expenses of preparing and publishing such a valuation as the assessors have lately been attempting to make; so we come to the question whether this is an expenditure that the town can lawfully incur.

All the provisions for taxation and for valuing property as a basis for it are statutory. The machinery and the methods of using it are prescribed with great particularity. If these methods are rightly followed, everything will be accomplished

that needs to be done for the proper assessment of taxes. The business is put in the charge of public officers whose duties are carefully defined. Nothing is left to be done by cities or towns, outside of the channels which lead directly to the desired outcome. Nor is there occasion for direction by a city or town to the assessors themselves to perform other duties than those that pertain directly to their office, for the purpose of promoting a just and legal assessment of taxes. The whole subject is covered by legislation. *Cox* v. *Segee*, 206 Mass. 380. *Welch* v. *Emerson*, 206 Mass. 129.

The evidence indicates that in connection with the next annual assessment more work should be done by the assessors to make the valuation such as the statute contemplates, than they have been accustomed to do in recent years. Whether it would be reasonable for the town to add to the compensation which the statute gives them for their services, is a question which does not arise in this case. See *Welch* v. *Emerson, ubi supra.* But for reasons above stated we are of opinion that the town, under the circumstances disclosed by this record, cannot legally expend money under the votes in question for the purpose of taking this valuation.

It does not appear that the plaintiffs have been guilty of laches.

*Writ of injunction to issue.*