GRACE D. C. ESTES *vs.* CITY OF NEWTON.

Middlesex.   March 29, 1922. — April 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Tax,* Assessment for benefits. *Deed,* Construction. *Estoppel. Contract,* Validity, Consideration, Construction. *Way,* Public: assessment for laying out. *Constitutional Law,* Assessment for benefits. *Words,* "Assessments."

An abutter on an unaccepted road in a city joined with other abutters in a petition to the board of aldermen of the city for the laying out and acceptance of the road as a public way. Later, he executed a deed conveying to the city a portion of his land and containing an agreement that "We acknowledge full payment for all claims upon said city for any damages on account of the laying out and construction of said way . . . and agree to pay any assessments for betterments that may be levied therefor." The deed was delivered to the city and thereafter the board of aldermen adopted an order for the laying out of the way. After the completion of the work the board of aldermen levied upon the land of the abutter $3,208.92 under St. 1917, c. 344, Part III. The abutter filed a petition for revision of the assessment. *Held,* that

(1) "Assessments" meant legal assessments that might be levied by the board of aldermen in the exercise of sound judgment, acting fairly and in good faith;

(2) The words of the deed meant that the grantor would waive any right to apply to a jury for a revision of the assessment levied by the board of aldermen acting honestly and in good faith, and would pay such assessment;

(3) The petitioner was estopped from maintaining this proceeding;

(4) The deed was not void as an attempt to oust the courts of jurisdiction;

(5) The agreement was lawful and made upon a valid consideration;

(6) Nothing in the record justified the inference that the betterment was not levied by the board of aldermen in good faith;

(7) Every presumption was in favor of legality in the absence of evidence to the contrary.

The mere circumstance that an assessment for betterments for the laying out of a public way is made upon abutters in accordance with the front foot does not make it invalid as a matter of law; any legal way of apportioning a betterment tax for laying out a public way may be adopted, so long as the assessment is reasonable and proportional.

In the proceedings above described the respondent moved that the jury be ordered to find a verdict in its favor. *Held,* that in the circumstances the motion should have been allowed.

PETITION, filed in the Superior Court on July 9, 1921, to revise a betterment assessment of $3,208.92 levied by the city of Newton under St. 1917, c. 314, Part III, on property of the petitioner on Algonquin Road in the city of Newton, that road having been laid out as a public way.

In the Superior Court the petition was tried before *Fox,* J. Material evidence is described in the opinion. At the close of the evidence the respondent moved that a verdict be ordered in its favor. The motion was denied. The jury reduced the assessment against the petitioner to $1,673; and the respondent alleged exceptions.

*J. W. Bartlett,* for the respondent.

*A. W. Blakemore,* for the petitioner.

CROSBY, J. This is a petition to revise a betterment assessment of $3,208.92, levied by the respondent under St. 1917, c. 344, Part III, on land of the petitioner on Algonquin Road in the city of Newton, for the laying out of that road as a public way. It appears from the record that Algonquin Road is a street leading in a northerly direction from Commonwealth Avenue in Newton, near the Boston line, circling around the side of a steep hill called Waban Hill "and coming to a stop at a dead end." The property of the petitioner is located on the lower side of the way. The street as completed had throughout its length a rock foundation, gravel surface, covered with a blanket mixture of bitumen and sand.

There was evidence that on September 22, 1919, the petitioner with others signed and presented to the aldermen of the city of Newton a petition praying that Algonquin Road be laid out as a public way, that the same be so laid out under the law relat-

ing to the assessment of betterments, and that there should be established building lines ten feet from the exterior lines of the street. On September 29, 1919, the petitioner, with others who were abutters on the way, executed a quitclaim deed to the city, which was delivered on or about April 8, 1920, and was duly recorded in the registry of deeds. The lands described included that of the petitioner and were conveyed for the purpose of widening the then existing way. The deed contained the following among other covenants and agreements: "We acknowledge full payment for all claims upon said city for any damages on account of the laying out and construction of said way according to the lines and grades shown upon said plan and profile and agree to pay any assessments for betterments that may be levied therefor." Thereafter, on June 7, 1920, the board of aldermen adopted an order for the laying out of the way and the grading, and acceptance thereof, and the establishing of the grade therefor under the provisions of law authorizing the assessment of betterments. After the completion of the work, an order was adopted by the board assessing the abutters, including the petitioner, with the amounts severally set forth in the record as their proportional shares respectively of the cost of the work,— the sum so assessed not exceeding one half of the adjudged betterment and advantage to the estates respectively by said laying out and grading of the way.

At the close of the evidence, the respondent moved that the court order the jury to find in its favor. The motion was denied and the respondent excepted. The jury reduced the assessment to $1,673.

The respondent relies on the agreement recited in the deed as a bar to the maintenance of the petition; the petitioner contends that the agreement relates to a final assessment to be determined by a jury. The words of the agreement contained in the deed from the petitioner and others to the city are "We . . . agree to pay any assessments for betterments that may be levied therefor." In determining the sense in which these words were used by the parties, it is not without significance to have in mind the proceedings which led up to the assessment: The action of the board of aldermen in adopting the order for laying out the way, after the petitioner and other abutters had presented to it a peti-

tion praying that such action should be taken, and the order providing for the layout were not passed until the deed in which the petitioner and others conveyed land for the purpose of widening the then existing way, acknowledged payment of all claims for damages, and agreed to pay any assessments for betterments that might be levied had been executed and delivered to the city. It is a rational inference from these undisputed facts that the petitioner and abutters, who were parties to the deed, were desirous of having the street laid out as a public way and were willing to pay an assessment for betterments. It is also a reasonable inference that the city was willing to incur the expense of the work because of the agreement so made by the abutters. The words of the deed, that the petitioner agrees to pay any assessment for betterments that may be levied therefor, are to be construed according to the common and ordinary understanding in which they were used, in the light of all the circumstances.

We are of opinion that "assessments" mean legal assessments that might be levied by the board of aldermen in the exercise of sound judgment, acting fairly and in good faith. Obviously it was not the intention of the parties, in view of the language which they adopted, that the petitioner if dissatisfied with the assessment levied by the board would be entitled to maintain a petition for a revision thereof, in the absence of fraud, accident or mistake. An assessment for betterments constitutes a lien upon the land which may be enforced generally in the manner provided for the collection of taxes. G. L. c. 80. If the petitioner is entitled to have the assessment revised by a jury, her agreement leaves the parties in the same position as if no such agreement had been made, apart from the personal liability created by the promise. We construe the words of the deed as meaning that the grantors would waive any right to apply to a jury for a revision of the assessment levied by the board of aldermen, acting honestly and in good faith, and would pay such assessment; so construed the petitioner is estopped from maintaining this proceeding. *Seymour* v. *Carter*, 2 Met. 520. *Driscoll* v. *Taunton*, 160 Mass. 486, 494, and cases cited. *Howland* v. *Greenfield*, 231 Mass. 147, 150.

The contention of the petitioner that the agreement in the deed is void as an attempt to oust the courts of jurisdiction is without

merit. The agreement is lawful and made upon a valid consideration. There is nothing on this record to justify the inference that the betterment was not levied by the board of aldermen in good faith. Every presumption is in favor of legality in the absence of evidence to the contrary. *Nevins* v. *City Council of Springfield*, 227 Mass. 538. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, and cases collected at page 50.

The circumstance that the assessment was made in accordance with the front foot does not affect its validity; it cannot exceed one half of the amount of the adjudged benefit. The statute does not direct the method by which the amount to be assessed shall be apportioned among those liable for the tax. The board of aldermen can adopt any legal way so long as the assessment is reasonable and proportional. *Sayles* v. *Board of Public Works of Pittsfield*, 222 Mass. 93.

Cases like *Lewis* v. *Brotherhood Accident Co.* 194 Mass. 1, and *Bauer* v. *International Waste Co.* 201 Mass. 197, have no application to the facts in the case at bar.

The respondent's motion that the jury be directed to find in its favor should have been allowed.

Let the entry be

> *Exceptions sustained.*
> *Judgment for the respondent in accordance with G. L. c. 231, § 122.*