SELECTMEN OF GARDNER *vs.* TEMPLETON STREET
RAILWAY COMPANY.

SAME *vs.* SAME.

INHABITANTS OF GARDNER *vs.* SAME.

Worcester.    September 30, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Street Railway.    Equity Jurisdiction.    Equity Pleading and Practice,* Parties.
*Mandamus.*

Under St. 1898, c. 578, § 13, (R. L. c. 112, § 7,) the selectmen of a town, in grant-
ing an original location to a street railway company, may prescribe that the
company at its election can use from one designated point to another a cheaper
rail without granite paving, on condition that if that portion of the road proves
unsatisfactory to the selectmen, they, within a specified time, may order †` ;
track removed and a certain more expensive rail with granite paving to be su! -
stituted, and an order of the selectmen requiring such removal and substitution
will be enforced in a suit in equity brought under St. 1898, c. 578, § 25, (R. L.
c. 112, § 100.)

The obligation of a street railway company to construct its road in accordance
with its original grant of location, imposing certain conditions as to paving its
roadbed, is not affected by the exemption contained in St. 1898, c. 578, § 11,
(R. L. c. 112, § 44,) as to making repairs on the surface of streets.

In a suit in equity by the selectmen of a town against a street railway company,
under St. 1898, c. 578, § 25, (R. L. c. 112, § 100,) to enforce an order of the
plaintiffs as to the construction of the defendant's road in accordance with the
grant of location, it is immaterial that the defendant is financially embarrassed
and is not able to carry out the order of the plaintiffs.

If the selectmen of a town in granting a location to a street railway company under
St. 1898, c. 578, § 13, (R. L. c. 112, § 7,) prescribe that the work shall be done
to their satisfaction, their determination, at least in the absence of fraud, is final,
and it is immaterial whether they ought to have been satisfied or not.

Under St. 1898, c. 578, § 25, (R. L. c. 112, § 100,) the selectmen of a town are the
proper parties to bring a bill in equity to compel the enforcement of an order
made by them as to the construction of the road of a street railway company in
accordance with the grant of location.

A writ of mandamus will not be granted to enforce a right given by statute for
which an adequate and effectual remedy in equity is provided by statute.

BILL IN EQUITY, by the selectmen of the town of Gardner, to
enforce a condition contained in the original location granted to
the defendant, praying for a mandatory injunction ordering the
defendant to take up a certain portion of its track, and substitute

therefor girder rails with granite block paving between the rails and for eighteen inches outside thereof.

In the Superior Court *Gaskill*, J. excluded certain evidence offered by the defendant and refused to give the rulings requested by the defendant. He reported the case for determination by this court. If any of the evidence offered by the defendant was competent and in the opinion of this court could materially affect the determination of the case, the case was to be sent back to the Superior Court for a hearing; otherwise, such decree was to be entered as this court should deem proper.

Also TWO PETITIONS for writs of mandamus, to enforce the same order, one by the selectmen of Gardner and the other by the town of Gardner.

To both petitions the respondent demurred. These cases were heard by *Loring*, J., who sustained the demurrers and dismissed the petitions. The petitioners appealed.

*J. A. Stiles*, for the plaintiffs.

*W. A. Buie & C. F. Eldredge*, for the defendant.

LORING, J. On July 18, 1899, the selectmen of Gardner, acting under St. 1898, c. 578, (now R. L. c. 112,) granted to the defendant a location in the public highways within that town. It is provided by § 13 of this act, (now R. L. c. 112, § 7,) that in case they are of opinion that public necessity and convenience require the granting of the location, the selectmen may " prescribe how the tracks shall be laid and the kind of rails," and other appliances which shall be used, and that they may " impose such other terms, conditions and obligations in addition to the general provisions of law governing such companies as the public interest may in their judgment require."

Acting under this section, the selectmen prescribed in the third article of the location that the company should use a T rail with two exceptions ; in case of the first exception the selectmen prescribed that from one point to another point therein specified a girder rail should be used, and in case of the second exception it was provided that between two other specified points " if the road . . . prove unsatisfactory to the selectmen, the board may at any time within two years from the completion of the road order that portion of the track laid under this location and lying

between said crosswalk and the brook next westerly to be taken up and girder rails substituted therefor, with granite block paving between the rails and for eighteen (18) inches outside thereof."

On June 11, 1901, the board, after hearing, determined "that the track of said street railway company" between the points specified in the second exception, "is not satisfactory," and directed the defendant, in compliance with the third article of its grant of location, to "take up its track now laid between the aforesaid crosswalk and the aforesaid brook and substitute therefor a track laid with nine (9) inch girder rails, with granite block paving between the rails and for eighteen (18) inches outside the same. The entire work to be done and the street to be left in a condition satisfactory to this board." This the company refused to do, and a bill in equity was brought under R. L. c. 112, § 100, to compel the observance of this order of the selectmen. We are of opinion that it is well brought.

The defendant's first contention is that when the selectmen had prescribed what the original construction of the road should be their power was exhausted and this provision was void. But we are of opinion that in prescribing the original construction the selectmen could prescribe that the company at its election could use a cheaper rail without granite paving within the rails and for eighteen inches outside, on condition that if that construction did not prove satisfactory to them it should be changed within a specified time and the more expensive construction carried into effect by the railway. This bill is brought not to enforce a contract between the railway and the town, as the defendant contends, but to compel the observance by the railway of this "order" made by the selectmen of the town of Gardner in accordance with the provisions of what is now R. L. c. 112, § 100.

The payment by the defendant of the excise tax under what is now R. L. c. 14, §§ 43–47, exempts it from making repairs on the public ways, (R. L. c. 112, § 44,) but it has nothing to do with its duty to construct the road in compliance with the grant of location.

There was nothing in the long offers of evidence made by the defendant. It was immaterial that the present owner of this

street railway is financially embarrassed and is not able to carry the order of the selectmen into effect. The fact, if it was a fact, was also immaterial that the selectmen ought to have been satisfied with the T rail. It is competent for selectmen, acting under R. L. c. 112, § 7, to prescribe that the construction shall be done to their satisfaction. If they do so prescribe, their determination, at least in the absence of fraud, is final and cannot be transferred to or controlled by the court. (See in this connection *Rice* v. *Middlesex Commissioners,* 13 Pick. 225.) It was not competent to vary and control the written grant of a location by evidence of what was orally agreed upon between the selectmen and the defendant.

We are of opinion that R. L. c. 112, § 100, makes the selectmen the proper parties plaintiff to bring a bill under that act to compel observance of an order made by them in compliance with the act as to the construction of the railway in a public highway within their jurisdiction. For that reason *Needham* v. *New York & New England Railroad,* 152 Mass. 61, and *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464, do not apply.

By the true construction of the second article all work of construction is to be done to the satisfaction of the selectmen.

We are of opinion that a mandatory writ of injunction should issue in the terms of the order of the selectmen made on June 11, 1901.

In addition to the bill in equity brought by the selectmen of Gardner, we have before us appeals from judgments dismissing two petitions for a writ of mandamus, one brought by the selectmen and one by the inhabitants of Gardner.

These appeals are material only on the question of costs. The selectmen are not entitled to costs in this court in any event. They cannot have a remedy by mandamus in addition to a remedy by a bill in equity and by pursuing the bill in equity they have made their election.

But the town is entitled to costs if their petition was well brought. We are of opinion, however, that it was not. The writ of mandamus is an extraordinary remedy granted only where it is necessary to prevent a failure of justice, and where there is no other adequate and effectual remedy. *Carpenter* v. *County Commissioners,* 21 Pick. 258. *Lexington* v. *Mulliken,*

7 Gray, 280. *Murray* v. *Stevens*, 110 Mass. 95. *Stackpole* v. *Seymour*, 127 Mass. 104. *Attorney General* v. *Boston*, 123 Mass. 460, 471. *Wheelock* v. *Auditor of Suffolk County*, 130 Mass. 486.

The petitioners contend that the remedy here in question is a remedy in equity, and that the rule in question refers to an adequate and effectual remedy at law. However that may be where mandamus is asked for to enforce a common law right, it does not apply to a right given by statute for the enforcement of which a special statutory remedy is provided which is adequate and effectual even if that statutory remedy be on the equity side of the court. *Perry* v. *Hull*, 180 Mass. 547. *State* v. *Manchester & Lawrence Railroad*, 62 N. H. 29. See also in this connection *Jefferson* v. *Board of Education*, 35 Vroom, 59; *Sabine* v. *Rounds*, 50 Vt. 74; *Brennan* v. *Butler*, 22 R. I. 228.

The town urges that it is or was doubtful whether the court would interfere to compel the observance of such an act as is here in question, and relies on *Newcomb* v. *Norfolk Western Street Railway*, 179 Mass. 449. But here the court is not asked to compel specific performance of continuous acts, as it decided in *Newcomb* v. *Norfolk Western Street Railway*, it would do in case of an order under what is now R. L. c. 112, and here as in that case the work is to be done to the satisfaction of a public officer. The entry must be

> *Decree for plaintiffs in bill in equity ; judgment dismissing petitions for mandamus affirmed with costs.*