GUY W. COX & another, trustees, *vs.* MALDEN AND MELROSE GAS LIGHT COMPANY.

Suffolk.    March 12, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Assignment,* For the benefit of creditors.    *Gas Company.    Public Service Corporation.    Equity Jurisdiction,* Remedy at law.    *Mandamus.*

Under R. L. c. 58, §§ 16, 17, providing that a gas company may stop gas from entering the premises of a person who neglects or refuses to pay the amount due for gas previously supplied to him, but that such company shall not refuse to supply gas to a person because a bill for gas remains unpaid by the previous occupant of the building or premises, a gas company cannot refuse to supply gas to the assignee of a corporation under a voluntary assignment for the benefit of creditors because a gas bill of the corporation remains unpaid.

In the absence of any contract or previous dealings between the parties, a suit in equity cannot be maintained by the occupant of a building against a gas company to enjoin the defendant from wrongfully shutting off gas from the premises of the plaintiff because of an unpaid gas bill of a previous occupant of the premises in violation of the provision of R. L. c. 58, § 17, as the plaintiff has a plain remedy at law by a petition for a writ of mandamus.

BILL IN EQUITY, filed in the Superior Court on December 18, 1907, by the assignees and trustees under a common law assignment for the benefit of assenting creditors of the Crown Dyeing Company, a corporation, the plaintiffs being engaged in carrying on in part the business formerly carried on by that corporation at its factory in Medford, to enjoin the Malden and

Melrose Gas Light Company from refusing or neglecting to supply the plaintiffs with a suitable supply of gas so long as they should continue to pay the regular gas rates and should comply with all other reasonable and usual regulations of the defendant excepting any requirement by virtue of which the defendant should demand payment of the indebtedness of the Crown Dyeing Company or any previous occupant of the premises.

In the Superior Court the case came on to be heard before *Fox*, J., who at the request of the parties reserved it for determination by this court, such decree to be entered as law and justice might require.

*A. S. Davis*, for the plaintiffs.

*R. P. Clapp*, for the defendant, was not called upon.

KNOWLTON C. J.   The plaintiffs are assignees and trustees of the Crown Dyeing Company, under a voluntary assignment for the benefit of creditors.   This corporation was indebted to the defendant in the sum of $210.20 for gas furnished for use in the building where it conducted its business.   These plaintiffs are temporarily continuing the business for the benefit of the creditors, and they desire to use gas in the building as it has been used before.   The only question in the case is whether the defendant by this proceeding can be compelled to furnish gas while the corporation and the plaintiffs neglect to pay for that previously furnished.   The answer depends upon the R. L. c. 58, §§ 16, 17, which authorize a gas company to stop gas from entering the premises of any person who neglects or refuses to pay the amount due therefor, but forbid a refusal to furnish gas by such a company, merely " because a bill for gas or electricity remains unpaid by a previous occupant of such building or premises."   Is there, in reference to the object and meaning of the statute, such identity between the corporation and these plaintiffs, who are its assignees and trustees to wind up its affairs, that they ought to be considered the same party within the meaning of the sixteenth section, and that the corporation ought not to be considered a previous occupant within the meaning of the seventeenth section.

The assignment worked a change of ownership, not only in the legal title but in the interests represented by it.   From the time of the assignment the property was held primarily for the

benefit of the creditors, and it was ultimately to be disposed of for the payment of their debts. Before the conveyance, the previous occupant, the Crown Dyeing Company, held it by an absolute title and could do with it whatever it chose. After the conveyance to the plaintiffs the defendant had a right to payment of its debt, either wholly or in part, from the proceeds of the property in the plaintiffs' hands, as their other creditors had. As against the new title of the plaintiffs it could make no claim for its debt; nor could it interfere with such a use of the property by the plaintiffs as any other purchaser might have made. It never had a lien upon the property. *Turner* v. *Revere Water Co.* 171 Mass. 329. So long as the occupation was unchanged, it might exert pressure upon the occupant to obtain payment by refusing to furnish gas so long as its bill remained unpaid. But against new occupants having their own rights it could not do this. We think that the plaintiffs are entitled to start anew under their title, and that they may use and dispose of the property for the benefit of creditors as any other purchaser might do, subject only to the provisions of the assignment, and to liens which may be enforced by law. R. L. c. 58, § 17. *Turner* v. *Revere Water Co.* 171 Mass. 329. *Merrimac River Savings Bank* v. *Lowell,* 152 Mass. 556.

The plaintiffs, upon petition, would be entitled to a writ of mandamus against the defendant, to compel the delivery of gas, in the performance of a *quasi* public duty under the statute. It does not follow that they can maintain this suit in equity. The remedy at law, already referred to, is perfect. We see no ground for jurisdiction in equity. There is no contract between the plaintiffs and the defendant, and therefore there cannot be a decree for specific performance. The bill is, in substance, to obtain a mandatory injunction to compel the defendant to perform a *quasi* public duty, in the performance of which the plaintiffs have a private interest.

Mandatory injunctions are often granted where the defendant is guilty of a continuing wrong upon the plaintiff, from the further perpetration of which he ought to be enjoined, and where the termination of the wrongful conduct involves a restoration of conditions existing before the wrongful conduct began. They are not granted where the only ground of equitable relief is a

failure of the defendant to perform an independent public duty which he owes to the plaintiff individually, as well as to others.

There is some ground for contending that, in refusing to furnish gas to the plaintiffs on request, the defendant is guilty of an actionable, continuing wrong upon them, which is in the nature of a nuisance, the maintenance of which may be enjoined in equity. The prayer of the bill seems to be framed on this theory. But we think it is more in accordance with sound principle, in the absence of any contract or previous dealings between the plaintiffs and the defendant, to hold that the mere failure to supply gas on request is only negative conduct, as distinguished from an affirmative, wrongful act which calls for an injunction in equity. We have not been referred to any case in which relief in equity has been granted upon facts like those now before us.

*Bill dismissed.*