(No. 22409.—

John H. Lyle *et al.* Judges, Appellees, *vs.* The City of Chicago *et al.* Appellants.

*Opinion filed June 19, 1934.*

WILLIAM H. SEXTON, Corporation Counsel, (LEON HORNSTEIN, of counsel,) for appellants.

JAMES W. BREEN, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

Appellees, being the chief justice and the associate justices of the municipal court of Chicago, filed their bill and afterwards their amended bill of complaint in the superior court of Cook county seeking by mandatory injunction to compel the city of Chicago, through its mayor, comptroller, treasurer, clerk and city council, to pay, and to make the necessary appropriations for paying, certain salaries alleged to be due the complainants for the years 1932 and 1933 on the basis of the amounts fixed by statute. It was alleged that the city council had made insufficient appropriations therefor, and that the city officers had neglected, failed and refused to pay to complainants, and others alleged to have been similarly situated, the full amount due them, and that, in effect, their salaries had been decreased during the term for which they were elected or appointed, in violation of section 11 of article 9 of the constitution. General and special demurrers to the bill were overruled and a decree was entered as prayed. The case is before us on direct appeal, the trial judge having certified that the validity of a municipal ordinance is involved.

It is the first contention of appellants that where the established distinction between equity and law is still observed, the remedy by injunction and the remedy by *mandamus* are not correlative and cannot be used interchangeably; that in this jurisdiction there is an adequate remedy at law by way of *mandamus,* and that where there is a remedy by *mandamus* that remedy must be pursued rather than to seek relief through a court of equity; that an injunction is only called into use to afford preventive relief, and that a mandatory injunction will be employed only

in so far as it may necessarily be incident to the granting of affirmative relief to take effect *in futuro.* If these contentions of appellants are sound and well founded there can be no possible occasion for considering other errors assigned, and we will therefore give our first consideration to this branch of the case.

Appellees resist the contention of appellants upon this proposition by referring us to the cases of *Hunt* v. *Sain,* 181 Ill. 372, *Baumgartner* v. *Bradt,* 207 id. 345, *Dorman* v. *Droll,* 215 id. 262, *Burrall* v. *American Telephone and Telegraph Co.* 224 id. 266, and *Spalding* v. *Macomb and Western Illinois Railway Co.* 225 id. 585. Upon examination we find that the *Hunt case* is a case in which a mandatory injunction was issued compelling the removal of an obstruction to drainage, as an incident to enjoining its further obstruction. The *Baumgartner case* is the same, and the *Dorman case* is similar, in that it requires the re-connection of a tile drain which had been unlawfully disconnected and affirmatively enjoined its future disconnection. The *Burrall case* and the *Spalding case* are cases in which certain equipment was by mandatory injunction required to be removed from premises claimed by the complainant and its future maintenance thereon enjoined. These cases quite obviously do not reach the point here in question, as complainants are not seeking relief as to a future event but are seeking only the performance of an act which should have been done, if at all, at a time now gone by. No relief as to the future is asked for or contemplated by the bill in question.

In the case of *Cox* v. *Malden and Melrose Gas Light Co.* 199 Mass. 324, 17 L. R. A. (new series) 1235, the complainant by bill in equity sought to restrain the gas company from continuing to refuse to perform its duty to furnish gas, thus praying, in effect, for a mandatory injunction. It was held in that case that equity had no jurisdiction, and in the course of the opinion Chief Justice

Knowlton used the following language: "The plaintiffs, upon petition, would be entitled to a writ of *mandamus* against the defendant to compel the delivery of gas in the performance of a quasi-public duty under the statute. It does not follow that they can maintain this suit in equity. The remedy at law, already referred to, is perfect. We see no ground for jurisdiction in equity. There is no contract between the plaintiffs and the defendant, and therefore there cannot be a decree for specific performance. The bill is, in substance, to obtain a mandatory injunction to compel the defendant to perform a quasi-public duty, in the performance of which the plaintiffs have a private interest. Mandatory injunctions are often granted where the defendant is guilty of a continuing wrong upon the plaintiff, from the further perpetration of which he ought to be enjoined, and where the termination of the wrongful conduct involves a restoration of conditions existing before the wrongful conduct began. They are not granted where the only ground of equitable relief is a failure of the defendant to perform an independent public duty which he owes to the plaintiff individually as well as to others." ·

The law as stated by Chief Justice Knowlton in the Massachusetts case above cited is in accord with the general trend of authority and with the decisions in our own State. The mandatory injunction is recognized as an extraordinary remedial process, which is granted not as a matter of right but in the exercise of a sound judicial discretion. (*Morrison* v. *Work*, 266 U. S. 481:) It is most frequently found in cases of nuisance, trespass and the protection of easements. (*Hunt* v. *Sain, supra; Baumgartner* v. *Bradt, supra; Dorman* v. *Droll, supra; Burrall* v. *American Telephone and Telegraph Co. supra; Spalding* v. *Macomb and Western Illinois Railway Co. supra.*) It is a writ not regarded with judicial favor and is used only with caution in cases of great necessity. (14 R. C. L. 317, and cases there cited.) It will never be granted if

there is an adequate remedy at law. (*Potts* v. *Hollen*, 177 U. S. 369.) In *Menard* v. *Hood*, 68 Ill. 121, this court said: "In our practice the writ of injunction is only called into use to afford preventive relief. It is never employed to give affirmative relief, or to correct wrongs and injuries already perpetrated, or to restore parties to rights of which they had been deprived." In the later case of *Fletcher* v. *Tuttle*, 151 Ill. 41, we said: "Where the established distinctions between equity and common law jurisdiction are observed, injunction and *mandamus* are not correlative remedies in the sense of being applicable to the same subject matter, the choice of the writ to be resorted to in a particular case to depend upon whether there is an excess of action to be restrained or a defect to be supplied. The two writs properly pertain to an entirely different jurisdiction and to different classes of proceedings, injunction being the proper writ only in cases of equitable cognizance, and *mandamus* being a common law writ and applicable only in cases coming within the appropriate jurisdiction of courts of common law." The same rule is laid down in section 2 of High on Injunctions, and we consider the rule to be well established in Illinois that if relief is available to a litigant through *mandamus* he must pursue that remedy, and that in such a case equity has no jurisdiction. *Bistor* v. *McDonough*, 348 Ill. 624; *People* v. *Cesar*, 349 id. 372.

It is also urged by appellants that the bill is multifarious, the decree not properly based either upon the allegations of the bill or the contents of the stipulation on file, and that there is a variance between the bill and the decree. None of these errors need be considered.

Complainants having misapprehended their remedy and the court of equity being without jurisdiction, it is necessary that the decree of the superior court be reversed.

*Decree reversed.*