DEPARTMENT OF PUBLIC UTILITIES *vs.* TRUSTEES OF THE PROPERTIES OF THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY & others.

Suffolk.   December 7, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Equity Jurisdiction*, To enforce order of department of public utilities, Remedy at law. *Mandamus. Department of Public Utilities. Railroad.*

Section 252 of G. L. (Ter. Ed.) c. 160 provided an exclusive special statutory remedy in equity to be used by the department of public utilities for the enforcement of its order made under § 128 directing the furnishing of specified railroad service between certain stations, with stops at specified intervening stations, denying a petition for the abandonment of service at such stations, and approving abandonment of service at certain other intervening stations; there was no remedy by mandamus.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on August 9, 1938, for a writ of mandamus.

The case was reserved and reported by *Ronan, J.*

*E. O. Proctor*, Assistant Attorney General, for the petitioner.

*C. R. Branch*, (*R. W. Ellis*,) for the respondents.

FIELD, C.J. This is a petition brought in this court by the department of public utilities, which is "under the supervision and control of a commission of five members" (G. L. [Ter. Ed.] c. 25; see §§ 1, 2), for a writ of mandamus to compel the respondents, the trustees of the properties of the New York, New Haven and Hartford Railroad Company, debtor, and of the Old Colony Railroad Company, debtor, both in reorganization under § 77 of the Federal bankruptcy law, to comply with all the terms and conditions of an order dated July 28, 1938, made by said department — a copy of which is attached to the petition. This order purports to have been made upon a petition by the respondent trustees of the New York, New Haven and Hartford Railroad Company — one of eighteen petitions "seeking the approval of the Commission to the abandonment of passenger service at 88 stations in southeastern Massachusetts" — which involved the abandonment of "all of the stations on the railroad from Bass River to Provincetown, both inclusive, on Cape Cod." The order made upon the petition was "that the Trustees of the New York, New Haven and Hartford Railroad Company, operating the Old Colony Railroad under a decree of the Federal Court for the District of Connecticut, operate a gas-electric rail car on all weekdays from Yarmouth to Provincetown in the morning and from Provincetown to Yarmouth in the afternoon, and said gas-electric rail car shall stop to permit passengers to board or alight at the following stations: . . . [naming nine of them]," and as to these stations the petition is denied, and "that the Department hereby grants its approval in writing of the abandonment of the following stations: . . . [naming eight stations other than those previously referred to in the order]."

The respondents filed an answer containing two subdi-

visions. Subdivision I is entitled "Answers to Matters Demurrable," and contains four paragraphs numbered one, two, three and four, respectively. The fourth paragraph is as follows: "It is nowhere alleged in the petition before the court that the petitioners do not have other adequate and effectual remedy; by" G. L. (Ter. Ed.) c. 25, § 5, and G. L. (Ter. Ed.) c. 160, § 252, "it is provided that this court shall have jurisdiction in equity to enforce valid orders of the said department of public utilities; and where other adequate and effectual remedy exists, there is no authority in law for proceedings for mandamus." Subdivision II is entitled "Answers in the Nature of Pleas in Abatement," and contains two paragraphs numbered five and six respectively. The petitioners in response to the answer of the respondents filed a "traverse and demurrer thereto" in which they demurred "to the averments contained in paragraphs 5 and 6 under caption 'II. Answers in the nature of pleas in abatement.'" A further answer by the respondents is on file, but is not now involved.

The case came on to be heard before a single justice of this court upon the petition, the answer of the respondents and the petitioners' traverse and demurrer. He reserved and reported the case "upon so much of the aforesaid pleadings as relate to the matters contained in paragraphs 1 to 6, inclusive, of the respondents' answer for determination by the full court. If any of the matters contained in paragraphs 1 to 6, inclusive, of the answer constitutes a valid defense, the petition is to be dismissed with costs to the respondents, provided, however, if the court is of the opinion that the petitioners' remedy is by a bill in equity and not by mandamus the petitioners are to be given the right to apply for an appropriate amendment before the single justice. If none of said matters constitutes a valid defense, the proceeding is to be remitted to a single justice for further proceedings upon the matters involved in the remaining paragraphs of the answer and the traverse and demurrers thereto."

At the argument before the full court the respondents waived all defences set up by the six paragraphs of the

answer, herein referred to, except the defence set up by paragraph four thereof, above quoted. The sole question for decision, therefore, is whether a petition for a writ of mandamus will lie to enforce an order of the department of public utilities such as is referred to in the petition — provided such order is valid — particularly when it is not alleged in the petition that the petitioners have no "other adequate and effectual remedy."

While no question of the validity of the order of the department referred to in the petition is presented for decision, the nature of this order must be considered in its bearing upon the procedural question raised. The petitioners rely for authority to make the order upon G. L. (Ter. Ed.) c. 160, § 128, which reads as follows: "A railroad corporation which has established and maintained a passenger station throughout the year for five consecutive years at any point upon its railroad shall not abandon such station, unless it is relocated under the following section, nor substantially diminish the accommodation furnished by the stopping of trains thereat as compared with that furnished at other stations on the same railroad, except with the written approval of the department after notice posted in and on said station for a period of thirty days immediately preceding a public hearing thereon." The petitioners urge that the order made was in substance "a partial denial of the application for abandonment."

The specific prayer of the petition — which is coupled with a prayer for general relief — in form, seeks relief against negative conduct of the respondents in failing to comply with the order in question, including failing to "operate a gas-electric rail car" which shall "stop to permit passengers to board or alight" at certain stations. But the conduct of the respondents, against which relief is sought, apparently includes also some affirmative elements, namely, abandoning, in violation of G. L. (Ter. Ed.) c. 160, § 128, certain passenger stations, the abandonment of which has not received the written approval of the department, and violating the order of the department denying the petition of these respondents for approval of abandonment of such stations.

The petitioners contend that under authority of G. L. (Ter. Ed.) c. 159, § 40, read in the light of the law relating to mandamus generally, this court has jurisdiction to issue a writ of mandamus to compel the respondents to comply with the terms and conditions of the order in question. The respondents, on the other hand, contend that the only jurisdiction of this court to compel the respondents to comply with the terms and conditions of this order — if it is valid — is in equity, under G. L. (Ter. Ed.) c. 25, § 5, and c. 160, § 252.

Little aid in the determination of the question presented is to be derived from G. L. (Ter. Ed.) c. 25, § 5. That chapter is a chapter dealing with the department of public utilities generally. In the second paragraph of § 5 thereof "jurisdiction in equity" is conferred upon the Supreme Judicial Court "to review, modify, amend or annul any ruling or order of the commission . . . but only to the extent of the unlawfulness of such ruling or order," with detailed provisions as to procedure. Such review is referred to also in the first paragraph of the section. This provision for review was described in *Boston & Albany Railroad* v. *New York Central Railroad*, 256 Mass. 600, 618, as more specific than the power of review given "in general terms by G. L. c. 160, § 252," and, consequently, controlling with respect to a proceeding within its scope. The present proceeding, however, is not brought under the second paragraph of § 5. The third paragraph thereof, however, provides in somewhat more general terms that the "supreme judicial court shall also have jurisdiction, upon application of the commission, to enforce all valid orders of the commission and the provisions of this chapter and of chapter one hundred and fifty-nine." The jurisdiction thus conferred is not in terms limited to jurisdiction "in equity" and we think that no such limitation can be implied from the fact that the jurisdiction conferred by the previous paragraph is so limited. We are confirmed in this opinion by the fact that prior to the codification of the statutes in General Laws a sentence closely similar to this third paragraph was the first sentence of St. 1913, c. 784, § 28, the

remainder of which section, substantially unchanged, became G. L. c. 159, § 40, hereinafter considered, referring expressly to proceedings "either by mandamus or injunction." This sentence was omitted from G. L. c. 159, § 40, in the codification "as being covered by 1919, 350, § 121," according to a statement by the Joint Special Committee on Consolidating and Arranging the General Laws. See Report of Committee, page 1446. Said § 121 was codified as G. L. c. 25, § 5, and included in substance what is now the third paragraph of said § 5. This paragraph, therefore, does not, of itself, preclude a proceeding by mandamus in an appropriate case falling within its scope. Whether the present proceeding would fall within the scope of this paragraph if the paragraph stood alone is not wholly clear. The paragraph applies in terms to the provisions of c. 25 and c. 159, and not to the provisions of c. 160, in which is included the section (§ 128) upon which the petitioners rely in this case. The paragraph, however, in terms applies also to "all valid orders of the commission" and there may be a question whether the orders to which it applies are impliedly restricted to those made under the provisions of the chapters specifically mentioned. For reasons which will later appear this question need not be decided.

We think, however, that, if the petitioners are entitled to relief such as is sought by this petition, the Supreme Judicial Court has jurisdiction in equity under G. L. (Ter. Ed.) c. 160, § 252, to grant such relief. This section reads as follows: "The supreme judicial court shall have jurisdiction in equity on petition of the attorney general, of the railroad corporation, of any public body or of any other party interested to compel the observance of and to restrain the violation of all laws which govern railroad corporations and of all orders, rules and regulations made in accordance with the provisions of this chapter by any public body or by the department and to review, annul, modify or amend the rulings of any state department relative to such corporations as law and justice may require. The superior court shall have such jurisdiction concurrent with the supreme judicial court to enforce the provisions of sections forty-

eight, one hundred and ninety-three and two hundred and six." This section first appeared, in anything like its present form, in the General Laws when the laws were codified. The Joint Special Committee on Consolidating and Arranging the General Laws explains in its report (page 1494), referring to the proposed chapter 160, that the "various provisions as to enforcement of this chapter have been combined in § 252." Examination of statutory provisions codified in said c. 160, discloses that in many instances each of them included or was accompanied by a specific provision for its enforcement — in nearly every instance a provision for enforcement in equity, though in one instance the nature of the proceeding for enforcement was not described (St. 1906, c. 463, Part II, § 160) and in two other instances provision was made for enforcement "by injunction, mandamus or other suitable process." St. 1906, c. 463, Part II, §§ 189, 197. Indeed, there was a specific provision, somewhat limited in scope, for enforcement in equity of what is now G. L. (Ter. Ed.) c. 160, § 128 (see St. 1906, Part II, c. 463, § 137, as amended by St. 1922, c. 116) — the section upon which the petitioners rely. These specific provisions for enforcement of particular statutes now codified in said c. 160 were expressly repealed by G. L. c. 282.

There can be no doubt that the petitioners in the present case constitute a "public body" authorized to bring a petition under G. L. (Ter. Ed.) c. 160, § 252, and that the petition in this case, according to the allegations thereof, if brought in equity would be within the terms of that section authorizing a petition "to compel the observance of" or "to restrain the violation of" a law "which govern[s] railroad corporations" or an order made by the department of public utilities "in accordance with the provisions of" said c. 160.

The jurisdiction of the Supreme Judicial Court under G. L. (Ter. Ed.) c. 160, § 252, of proceedings for the enforcement of said c. 160 and orders, rules and regulations made in accordance therewith is in terms limited to "jurisdiction in equity." Apart from the jurisdiction "to review, annul,

modify or amend the rulings of any state department relative to" railroad corporations — which is not here involved — the jurisdiction conferred, according to the express words of the section, not only extends to granting relief against affirmative action, namely, "to restrain the violation of . . . laws which govern railroad corporations" and "orders, rules and regulations made in accordance with the provisions of this chapter by any public body or by the department [of public utilities]," but also extends to granting relief against negative conduct, or inaction, namely, "to compel the observance" of such laws, orders, rules and regulations. This language, though limited in its application to cases in which railroad corporations are involved, in other respects is very broad and clearly embraces a proceeding for relief such as is sought by the present petition.

Moreover, there is nothing in the nature of jurisdiction in equity precluding its exercise under G. L. (Ter. Ed.) c. 160, § 252, to the full extent therein described. Relief by restraining affirmative action ordinarily is given in equity by preventive injunction. But relief against inaction by compelling performance of a public or *quasi* public duty imposed by statute or by valid order of a public officer or board ordinarily is given at law by a writ of mandamus. *Cox* v. *Malden & Melrose Gas Light Co.* 199 Mass. 324, 326. In general the "functions of an injunction are to restrain motion and to enforce inaction, those of a mandamus to set in motion and to compel action. . . . The former preserves matters *in statu quo,* while the very object of the latter is to change the status of affairs and to substitute action for inactivity." High on Extraordinary Legal Remedies (3d ed.) 10. Nevertheless, an order compelling affirmative action is not necessarily outside the field of equity. In some circumstances, even apart from statutory provision therefor, relief having this effect may be given by a mandatory injunction. See *Codman* v. *Bradley,* 201 Mass. 361, 369. See also *Attorney General* v. *Boston & Albany Railroad,* 246 Mass. 292, 299. And when, as here, jurisdiction in equity to give relief through compelling affirmative action is expressly conferred by statute,

the exercise of such jurisdiction is not limited to the usual situation in which, apart from statute, a mandatory injunction may be issued, that is, where "the defendant is guilty of a continuing wrong upon the plaintiff, from the further perpetration of which he ought to be enjoined, and where the termination of the wrongful conduct involves a restoration of conditions existing before the wrongful conduct began." *Cox* v. *Malden & Melrose Gas Light Co.* 199 Mass. 324, 326. The language of G. L. (Ter. Ed.) c. 160, § 252, imports no such limitation. Yet much — if not all — of the relief sought by the petitioners would fall within the scope of a mandatory injunction as so limited. See *Western Union Telegraph Co.* v. *Foster*, 224 Mass. 365, 366, 378 (reversed on the merits, 247 U. S. 105), for a case where, upon petition of the public service commission — a predecessor of the department of public utilities, St. 1919, c. 350, § 117 — it was held that a mandatory injunction should issue to compel compliance of an affirmative nature with an order of the commission. And see *Public Service Commissioners* v. *New England Telephone & Telegraph Co.* 232 Mass. 465, where a like petition for a mandatory injunction was dismissed on the merits, without discussion of the question of jurisdiction. See also *Selectmen of Gardner* v. *Templeton Street Railway*, 184 Mass. 294; *Selectmen of Clinton* v. *Worcester Consolidated Street Railway*, 199 Mass. 279.

A proceeding in equity to obtain the relief sought by this petition, therefore, could be brought in the Supreme Judicial Court unless relief by such a proceeding is precluded for the reason that an adequate and effective remedy at law by mandamus is available to the petitioners. See *Cox* v. *Malden & Melrose Gas Light Co.* 199 Mass. 324, 326. See also *Selectmen of Gardner* v. *Templeton Street Railway*, 184 Mass. 294, 298. It is not contended by the petitioners that the remedy in equity under G. L. (Ter. Ed.) c. 160, § 252, if available to them, would not be adequate and effective. Consequently, the question for determination is whether the remedy by mandamus that the petitioners seek by the present petition is the exclusive remedy available to them or, at least, a concurrent remedy.

The Supreme Judicial Court has a general jurisdiction to issue writs of mandamus. G. L. (Ter. Ed.) c. 211, § 3; c. 249, § 5. And, as already pointed out, the third paragraph of G. L. (Ter. Ed.) c. 25, § 5, in view of the existence of this general jurisdiction, is broad enough to confer jurisdiction in mandamus — though such jurisdiction is not specifically mentioned — in cases within the scope of that paragraph. But if it is assumed that the grant by this paragraph of jurisdiction to "enforce all valid orders of the commission" is to be interpreted literally as embracing all valid orders of the commission, including those made under G. L. (Ter. Ed.) c. 160, and not as limited to orders made under G. L. (Ter. Ed.) c. 25, or c. 159, the paragraph is much more general in its terms than is G. L. (Ter. Ed.) c. 160, § 252, notwithstanding the comparison made in *Boston & Albany Railroad* v. *New York Central Railroad*, 256 Mass. 600, 618, already referred to, between the second paragraph of G. L. (Ter. Ed.) c. 25, § 5, conferring the power of review, and the much less detailed provision of G. L. (Ter. Ed.) c. 160, § 252, conferring a like power.

The petitioners, however, rely upon the provisions of G. L. (Ter. Ed.) c. 159, § 40, as conferring upon the Supreme Judicial Court jurisdiction of the present petition for mandamus. This section is included in the chapter entitled "common carriers" and relates to common carriers generally, including, but not limited to, railroads. This section reads as follows: "Whenever the department is of opinion that a common carrier subject to its supervision is failing or omitting or about to fail or omit to do anything required of it by law or by order of the department, or is doing anything or about to do anything or permitting anything or about to permit anything to be done, contrary to or in violation of the law or of any order of the department, it shall direct its counsel to begin, subject to the supervision of the attorney general, an action or proceeding in the supreme judicial court in the name of the department for the purpose of having such violations or threatened violations stopped and prevented either by mandamus or injunction." This section imposes a duty upon the department of public

utilities with respect to bringing "an action or proceeding in the supreme judicial court" to accomplish certain purposes "by mandamus or injunction." The section, however, does not purport to confer on that court any jurisdiction which it did not otherwise have, but rather to direct the department to resort to some jurisdiction otherwise conferred, unless, at least, as is not true in the present case, there is no jurisdiction otherwise conferred within which an adequate and effective remedy is available. And the reference to proceedings "either by mandamus or injunction" imports merely that the department shall proceed in the manner appropriate to obtain the relief sought, as determined by legal principles otherwise stated or established. It is true that § 40, as it stood in St. 1913, c. 784, § 28, prior to the codification of the statutes in the General Laws, contained a provision relating to jurisdiction, reading as follows: "The supreme judicial court shall have jurisdiction upon the application of the commission to enforce all valid orders of the commission and all the provisions of this act." But this provision was codified as the third paragraph of G. L. c. 25, § 5, hereinbefore discussed, and must be dealt with as it appears there. For this reason — if not for others — the petitioners cannot rely upon G. L. (Ter. Ed.) c. 159, § 40, as enabling them to maintain this petition for mandamus instead of proceeding in equity for the relief sought. Nothing said in *New York, New Haven & Hartford Railroad* v. *Deister*, 253 Mass. 178, 182, is inconsistent with the conclusion here reached.

As between the general jurisdiction of the Supreme Judicial Court to issue writs of mandamus and the jurisdiction in equity conferred upon that court by G. L. (Ter. Ed.) c. 160, § 252, it is clear that § 252 provides a special statutory remedy. Moreover, if the third paragraph of G. L. (Ter. Ed.) c. 25, § 5, were to be construed as broad enough to confer jurisdiction to enforce all valid orders of the department, including orders made under G. L. (Ter. Ed.) c. 160, we think that, as between that paragraph so construed and G. L. (Ter. Ed.) c. 160, § 252, said § 252 must be regarded as providing a special statutory remedy. This

section is more narrowly restricted with respect to the kind of proceedings, whether legal or equitable, that may be taken thereunder, and with respect to the orders of the department that may be enforced thereby, and more specific with respect to the nature of the relief that may be afforded. Consequently, under the principle stated in *Selectmen of Gardner* v. *Templeton Street Railway*, 184 Mass. 294, 298, since a special statutory remedy in equity that is adequate and effective is available to the petitioners it is their exclusive remedy, and the present petition for mandamus cannot be maintained. See also *Perry* v. *Hull*, 180 Mass. 547; *Attorney General* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 194, 199; *County Commissioners of Essex* v. *Mayor of Newburyport*, 252 Mass. 407, 410; *Boston & Albany Railroad* v. *New York Central Railroad*, 256 Mass. 600, 618; *Godfrey* v. *Building Commissioner of Boston*, 263 Mass. 589, 593; *Tuckerman* v. *Moynihan*, 282 Mass. 562, 569. *Cox* v. *Malden & Melrose Gas Light Co.* 199 Mass. 324, 326, relied ·on by the petitioners, is not an authority to the contrary. In that case relief in equity was denied to the plaintiffs, but no special statutory remedy in equity was available, as in the present case, and the plaintiff's·remedy at law by mandamus was perfect.

It follows that, in accordance with the terms of the report, "the petitioners are to be given the right to apply for an appropriate amendment before the single justice," and the case is remanded to the county court for that purpose and for further proceedings not inconsistent with this opinion.

*So ordered.*