ROGER AMORY & others *vs.* ASSESSORS OF BOSTON.

Suffolk.    May 13, 1940. — June 25, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Tax,* Assessment.    *Mandamus.    Assessors of Taxes.*

Citizens and taxpayers of a municipality purporting to proceed in the public interest and alleging an improper practice by the assessors of overvaluing taxable property to evade the laws respecting municipal appropriations and indebtedness were not entitled to a writ of mandamus to compel the assessors to perform their duty under G. L. (Ter. Ed.) c. 59, § 38, by valuing taxable property at its "fair cash valuation."

PETITION, filed in the Superior Court on March 4, 1940. The case was reported by *Forte*, J.

*R. H. Hopkins*, Assistant Corporation Counsel, (*N. Moger*, Assistant Corporation Counsel, with him,) for the respondents.

*A. Lincoln*, for the petitioners.

Cox, J. This is a petition for a writ of mandamus. The trial judge in the Superior Court overruled the demurrer that was filed and reported the case to this court (G. L. [Ter. Ed.] c. 213, §§ 1A, 1B, inserted by St. 1939, c. 257) upon the stipulation that, if his ruling was right, the writ is to issue as prayed for, otherwise the demurrer is to be sustained.

The petitioners are citizens and taxpayers of Boston, and all but one of them are registered voters in that city. The respondents constitute the board of assessors of Boston. The gist of the petition is that for many years it has been the practice of the board of assessors to value much of the taxable real estate in amounts far in excess of its fair cash value, in contravention of the provisions of G. L. (Ter. Ed.) c. 59, § 38, which require boards of assessors to "make a fair cash valuation of all the estate, real and personal, subject to taxation" in the several cities and towns; that other taxable real estate has not been overvalued; that by following this practice of overvaluation, the city has been enabled to make appropriations for municipal purposes and to authorize indebtedness in amounts greatly exceeding the limits thereby imposed if the taxable property had been valued at its fair cash value; that laws limiting municipal indebtedness and the rate of taxation to a percentage of the valuation of said property have been evaded; that this practice has been followed by the respondents during the time that they have constituted the board of assessors; that the board is about to make a valuation of all real and personal property subject to taxation for the year 1940 and plans and intends to pursue the same practice that has been followed in previous years, unless otherwise directed by the court; and that the petition is brought in the public interest and not for the purpose of asserting the private

rights of taxpayers whose property has been, or will be, overvalued, "for violation of which rights a statutory remedy by abatement proceedings is provided." The petitioners pray that a writ of mandamus issue commanding the respondents "to perform their official duties fairly and reasonably and to refrain from valuing taxable property in the city of Boston otherwise than at its fair cash value in accordance with their honest judgment," and for other appropriate relief.

It is unnecessary to recite the grounds of the demurrer except the following: "(1) The substitute petition does not set forth any case calling for relief by mandamus. (2) The petitioners do not allege any facts entitling them to the relief for which they pray. (3) There is other adequate relief afforded by the laws of this Commonwealth for the wrongs, if any, which the petitioners claim have been done or are about to be done. (4) The duty which the petitioners seek to have enforced is a statutory one for which the statutes have provided a remedy, superseding any remedy which might otherwise be available."

It is assumed, without deciding, that the petitioners are proper parties to the proceeding, if it lies (see *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 92–93; *Pettengell* v. *Alcoholic Beverages Control Commission*, 295 Mass. 473, 475), and that the prospective breach of duty alleged in the petition is sufficient if the remedy sought is otherwise proper. (See *Attorney General* v. *Boston*, 123 Mass. 460; *Kelley* v. *Board of Health of Peabody*, 248 Mass. 165, 169; *Bancroft* v. *Building Commissioner of Boston*, 257 Mass. 82, 86.)

G. L. (Ter. Ed.) c. 59, § 38, provides, among other things, that "The assessors of each city and town shall at the time appointed therefor make a fair cash valuation of all the estate, real and personal, subject to taxation therein. . . ." By G. L. (Ter. Ed.) c. 41, § 29, an assessor is required, before entering upon the performance of his duties, to take an oath that he will neither overvalue nor undervalue any property subject to taxation, and by § 52 of said c. 59 the assessors are required to subscribe at the end of their valua-

tion list that ". . . [the list] is a full and accurate assessment upon all the property of each person, liable to taxation, at its full and fair cash value, according to . . . [their] best knowledge and belief." The meaning of the phrase "fair cash value" in relation to taxation is dealt with in *Massachusetts General Hospital* v. *Belmont,* 233 Mass. 190, 205–208. We are of opinion that the demurrer should be sustained.

The petitioners assert no private rights as taxpayers. If they did, their exclusive remedy for overassessment would be the statutory proceeding for abatement. *Harrington* v. *Glidden,* 179 Mass. 486. *Central National Bank* v. *Lynn,* 259 Mass. 1, 6–7. *Wynn* v. *Assessors of Boston,* 281 Mass. 245, 248. See G. L. (Ter. Ed.) c. 59, § 59, as inserted by St. 1939, c. 250, § 1; § 64, as inserted by St. 1938, c. 478, § 1 (see St. 1939, c. 31, § 6) and by St. 1939, c. 366, § 2; and § 65, as inserted by St. 1939, c. 31, § 7.

In addition, however, to the statutory remedies that are available to the individual taxpayer who is aggrieved, G. L. (Ter. Ed.) c. 40, § 53, provides, in part, that "If a town or any of its officers or agents are about to raise . . . money . . . in any manner other than that . . . in which such town has the legal and constitutional right and power to raise . . . money . . . , the supreme judicial or superior court may, upon the petition of not less than ten taxable inhabitants of the town, determine the same in equity, and may, before the final determination of the cause, restrain the unlawful exercise or abuse of such corporate power." In *Dowling* v. *Assessors of Boston,* 268 Mass. 480, it was said that assessors of taxes came within the descriptive terms of this section, and its words authorize a petition not only when the city or town, but also when any of its officers or agents, are about to raise money for unwarranted purposes and "in an unwarranted manner" (page 484).

"The writ of mandamus is an extraordinary remedy granted only where it is necessary to prevent a failure of justice, and where there is no other adequate and effectual remedy." *Selectmen of Gardner* v. *Templeton Street Railway,* 184 Mass. 294, 297, 298, and cases cited. As was pointed

out in that case, whatever may be the rule where mandamus is asked for to enforce a common law right, it does not apply to a right given by statute for enforcement of which a special statutory remedy is given that is adequate and effectual, even if that remedy be on the equity side of the court (page 298). In *Cox* v. *Malden & Melrose Gas Light Co.* 199 Mass. 324, it was held that a bill in equity brought under the general principles of equity jurisdiction would not lie where the plaintiff had an adequate and effective remedy at law by mandamus. *Department of Public Utilities* v. *Trustees of New York, New Haven & Hartford Railroad,* 304 Mass. 664, was a petition for a writ of mandamus to compel the respondents to comply with the terms and conditions of an order of the petitioner. It was held, under the principle stated in the *Selectmen of Gardner* case, that since a special statutory remedy in equity that was adequate and effective was available to the petitioners, it was their exclusive remedy and that their petition for mandamus could not be maintained (page 675 and cases cited). It was pointed out, at page 675, that the *Cox* case, relied on by the petitioners, was not an authority to the contrary, as in that case relief in equity was denied to the plaintiff but no special statutory remedy in equity was available, and the plaintiff's remedy at law by way of mandamus was perfect.

We are of opinion that in the case at bar the petitioners have an adequate and effective remedy under the statute which they must be held to pursue, if they are so advised, and that the demurrer should be sustained.

*Demurrer sustained.*